1 Morley Tatro
303 E Elmwood Ave, Unit 304
2 Burbank, CA 91502-2695
(310) 717-5521
3 rippinradio@yahoo.com

4                     UNITED STATES DISTRICT COURT

5                     EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 6<br>7 LAW SCHOOL ADMISSION COUNCIL, INC.<br>Plaintiff, | Case No.: 2:15-cv-05219-MAK |
| 8 vs.<br>9 MORLEY TATRO, D/B/A CAMBRIDGE LSAT<br>10 Defendant | DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |

11 TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS

12 ACTION:

13         YOU ARE HEREBY NOTIFIED THAT before the Honorable Judge Mark A.

14 Kearney, Defendant Morley Tatro d/b/a Cambridge LSAT ("Cambridge LSAT") will move this

15 Court for an order dismissing the Complaint filed by Law School Admission Council, Inc.

16 ("LSAC") for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil

17 Procedure 12(b)(2) and (3).

18         This motion shall be made on the grounds that the Court does not have personal

19 jurisdiction over me and this Court is an improper venue because I am a nonresident of the State

20 of Pennsylvania. This motion will be based on the points and authorities included herein.

21

22 DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
    IMPROPER VENUE - 1

1

2         Dated this 28 of October, 2015.

3

4                                       Morley Tatro, defendant *pro se*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22 DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 2

Morley Tatro
303 E Elmwood Ave, Unit 304
Burbank, CA 91502-2695
(310) 717-5521
rippinradio@yahoo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MORLEY TATRO, D/B/A CAMBRIDGE LSAT<br><br>Defendant | Case No.: 2:15-cv-05219-MAK<br><br><br><br>DECLARATION OF FACTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |

I, Morley Cambridge Tatro, declare as follows:

1. I am an individual and a defendant in the above-captioned lawsuit. Unless otherwise stated, I have personal knowledge of the matters set forth below, and, if called as a witness in this action, I could and would testify competently thereto.

2. I operate a small business, support my family, and am the primary earner for my family.

3. Litigating in the State of Pennsylvania would pose an undue hardship for my family and me.

DECLARATION OF FACTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 1

1     I declare under penalty of perjury pursuant to the laws of the United States that
2 the foregoing is true and correct. Executed this 28th day of October, 2015 in Burbank,
3 California.

4

5                                         Morley Tatro, defendant *pro se*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
DECLARATION OF FACTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 2

1 Morley Tatro
2 303 E Elmwood Ave, Unit 304
  Burbank, CA 91502-2695
3 (310) 717-5521
  rippinradio@yahoo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| LAW SCHOOL ADMISSION COUNCIL, INC. | Case No.: 2:15-cv-05219-MAK |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |
| MORLEY TATRO, D/B/A CAMBRIDGE LSAT | |
| Defendant | |

## INTRODUCTION

This lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). LSAC alleges that Cambridge LSAT infringed and infringes copyrights owned by LSAC. At the time these acts allegedly occurred I was not a resident of the State of Pennsylvania. I have never been a resident of the State of Pennsylvania, and I have not established minimum contacts with Pennsylvania such that the Court could exercise personal jurisdiction over me. Thus, personal jurisdiction is lacking, and this Court should dismiss LSAC's lawsuit against me/Cambridge LSAT.

Similarly, LSAC's lawsuit against Cambridge LSAT should be dismissed because the Eastern District of Pennsylvania is an improper venue for this action. If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the

MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 1

interest of justice, may transfer the case to a district where the action could have been brought. 28 U.S.C. §1406(a). Venue in copyright litigation is proper in any judicial district where a defendant would be amenable to personal jurisdiction if the district were a separate state. Defendant is not amenable to personal jurisdiction in this district because Defendant does not have the requisite minimum contacts with the district. Further, in consideration of the relative means of the parties, on the one hand Cambridge LSAT, a small one-person business and on the other hand, LSAC, a multimillion-dollar national corporation, the venue of the Eastern District of Pennsylvania is inappropriate. It is therefore appropriate to dismiss the action under Federal Rule of Civil Procedure 12(b)(3). In the alternative, the case should be transferred to the Central District of California, where Defendant resides.

## FACTS

Upon information and belief, LSAC is a Delaware corporation. Upon information and belief, LSAC's principal place of business is in Newtown, Pennsylvania. On September 18, 2015, LSAC sued Cambridge LSAT in the Eastern District of Pennsylvania. LSAC alleges that Cambridge LSAT infringed LSAC's copyrights in certain LSAT Materials in violation of the Copyright Act.

Cambridge LSAT is a d/b/a of a sole proprietorship of mine, with its principal place of business in Burbank, California. Cambridge LSAT is and has always been a California business entity with its principal place of business in California. I have never had an office, address, or telephone number in Pennsylvania. I have never owned or rented any property in Pennsylvania. I have never paid taxes in Pennsylvania. I have never held a bank account in

MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 2

Pennsylvania. I have never traveled to Pennsylvania in connection with any transaction involving LSAC.

## ARGUMENT

The case should be dismissed because this Court does not have personal jurisdiction over Cambridge LSAT. When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the Court can exercise personal jurisdiction over that defendant. *Mattel, Inc. v. Grenier & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Failure to satisfy any of these standards would deprive a defendant of due process of law. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267,270 (9th Cir. 1995). Because I do not have the necessary minimum contacts, it would be a violation of due process for this Court to exercise jurisdiction over me.

Additionally, the evidence indicates that Defendant did not have the requisite minimum contacts to establish general jurisdiction:

- I am, and always has been, a legal entity of the State of California.
- I have my principal place of business in Burbank, California.
- I have never had an office, address, or telephone number in Pennsylvania.

MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 3

- I have never owned any real estate or other assets located in Pennsylvania.
- I have never paid taxes in Pennsylvania.
- I have never held a bank account in Pennsylvania.

In summary, my contacts with Pennsylvania are insufficient in both type and number to support general personal jurisdiction over Defendant.

## ARGUMENT FOR TRANSFER IN THE ALTERNATIVE

LSAC's selected venue would pose an undue hardship for me, as I support my family in California and I am the primary earner in my family. Having to litigate out of state and represent myself puts a tremendous onus on me, while litigating out-of-state poses no special obstacles for LSAC. LSAC has already hired a national law firm to act on its behalf and can conveniently conduct its activities outside its primary state of business. The documents it seeks in discovery reside in California, and, should it elect to depose me directly, I would be unduly inconvenienced by out-of-state depositions. In contrast, LSAC has vastly superior resources at its disposal to continue business operations while pursuing its action, whether or not in Pennsylvania.

## CONCLUSION

I ask this Court to grant this motion and dismiss LSAC's lawsuit. In the alternative, I ask the Court to transfer the action to the Central District of California where I reside.

Dated this 28 of October, 2015.

MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 4

_____
Morley Tatro, defendant *pro se*

MEMORANDUM OF POINTS AND AUTHORITY FOR DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 5

1
2
3
4        UNITED STATES DISTRICT COURT
5        EASTERN DISTRICT OF PENNSYLVANIA
6
| LAW SCHOOL ADMISSION COUNCIL, INC. | Case No.: 2:15-cv-05219-MAK |
|---|---|
| Plaintiff, | |
| vs. | [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |
| MORLEY TATRO, D/B/A CAMBRIDGE LSAT | |
| Defendant | |

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 1

1

2   GOOD CAUSE APPEARING THEREFORE, the motion of Defendant Morley

3   Tatro d/b/a Cambridge LSAT ("Defendant") to dismiss the complaint for lack of personal

4   jurisdiction and improper venue is hereby GRANTED. The Court lacks personal jurisdiction, as

5   Defendant does not have the required minimum contacts with the forum state. The venue is

6   improper insofar as Defendant is a nonresident of Pennsylvania, and litigation in the State of

7   Pennsylvania would pose an undue burden on him. Thus, granting the request is in the best

8   interest of the Court. Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), the

9   lawsuit should be dismissed. The motion is hereby granted.

10

11   IT IS SO ORDERED.

12   Dated this ___ of _____, 2015.

13

14   _____
     Hon. Mark A. Kearney
15   U.S. District Court Judge

16

17

18

19

20

21

22
[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE - 2