IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC., <br><br>       Plaintiff, <br><br>   v. <br><br>MORLEY TATRO, <br>d/b/a CAMBRIDGE LSAT <br><br>       Defendant. | Civil Action No. 15:5219-MAK |

**PLAINTIFF LAW SCHOOL ADMISSION COUNCIL, INC.'S MOTION TO ENFORCE TIMELY AND FULL COMPLIANCE WITH DISCOVERY OBLIGATIONS**

  Plaintiff Law School Admission Council, Inc. ("LSAC") hereby moves for an Order compelling defendant Morley Tatro d/b/a Cambridge LSAT ("Defendant") to immediately: (1) serve complete substantive answers to LSAC's First Set of Interrogatories Directed to Defendant (Ex. A) ("Interrogatories") and (2) produce all documents and information requested in LSAC's First Set of Requests for Production Directed to Defendant (Ex. B) ("Requests for Production"). In support of its Motion, LSAC states as follows:

  1. In accordance with the Court's Policies and Procedures, which provide that the parties "are required to commence core party written discovery immediately upon receipt of the notice date of the Rule 16 conference," on October 28, 2015, LSAC served Interrogatories and Requests for Production upon Defendant. The parties discussed the fact that LSAC had served the Interrogatories and Requests for Production in their Rule 26(f) meeting report (Dkt. No. 11) ¶ 3, and during the November 5, 2015 Initial Pretrial Conference.

  2. On November 23, 2015, LSAC was informed by attorney Eric Menhart that Defendant had retained him as counsel to represent him in this action.

3. On November 30, 2015 – the deadline for responding to LSAC's Interrogatories and Requests for Production – Defendant did not serve responses to LSAC's discovery requests. Defendant thus waived any objections it may have had to LSAC's discovery. *See Harris v. PV Holding Corp.*, Civ. A. No. 09-1568, 2009 WL 2600415, at *1 (E.D. Pa. Aug. 21, 2009) ("[F]ailure to timely respond to discovery requests results in a waiver of the objection."); *Daumer v. Allstate Ins. Co.*, Civ. A. No. 91-7570, 1992 WL 277650, at *1 (E.D. Pa. Oct. 1, 1992) (collecting cases stating same).

4. On December 3, 2015, counsel for the parties spoke by telephone. During this conference, LSAC's counsel raised that Defendant had not timely responded the Interrogatories and Requests for Production and waived any objections thereto, and asked when LSAC would receive substantive responses. Defendant's counsel stated that, beyond what Defendant provided in response to LSAC's separate jurisdictional discovery requests, he would not provide substantive interrogatory answers or documents in response to the LSAC's outstanding discovery requests due to the pendency of Defendant's motion to dismiss. LSAC's counsel responded that Defendant's position was contrary to the Federal Rules, that the Court had not limited the parties' ability to take discovery, and that the Court had set an early fact discovery schedule that would require immediate compliance with discovery requests. Defendant's counsel responded that he might move the Court for relief on the issue. LSAC's counsel stated that if Defendant failed to provide substantive responses, LSAC would be forced to seek relief from the Court.[1]

5. On December 10, 2015 – 10 days after Defendant's responses to the Interrogatories and Requests for Production were due – Defendant served responses containing blanket language which purported to object to LSAC's discovery requests. These responses

---

[1] For the reasons set forth herein in paragraph 4, pursuant to Local Rule 26.1(f), the undersigned hereby certifies that the parties have met and conferred on the issues discussed herein and have been unable to resolve their dispute absent Court intervention.

referenced Defendant's responses to wholly separate jurisdictional discovery and purported to "reserve[ ] all rights to raise objections *if the Court allows the case to move forward*." *See* Exs. C & D[2] (emphasis added).

6. Defendant's refusal to substantively respond to LSAC's discovery is an impermissible, unilateral stay. No Federal Rule of Civil Procedure or Local Rule permits a party to ignore its discovery obligations merely because a motion to dismiss is pending. *See Square Ring, Inc. v. Doe-1*, Civ. A. No. 09-563, 2014 WL 1116960, at *4 (D. Del. Mar. 18, 2014) (collecting cases noting that unilateral stay of discovery pending dispositive motion is impermissible). After all, "[h]ad the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a motion to dismiss they could have so provided." *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993).

7. This Court has set a discovery deadline of February 5, 2016. Dkt. No. 13 ¶ 3. There are only 52 days remaining until the close of discovery, during which time LSAC needs to obtain and analyze information produced by Defendant, propound follow up, non-core written discovery, and then, once that information is provided, depose the Defendant. Defendant's unilateral refusal to substantively respond to the discovery prejudices LSAC's ability to prepare its case.

WHEREFORE, LSAC respectfully requests that the Court enter the Order attached hereto. Pursuant to Federal Rule 37(a)(5)(A), LSAC also respectfully requests that the Court order Defendant to pay LSAC's fees and expenses incurred in bringing the instant Motion.

Respectfully submitted,

---

[2] The Certificate of Service for the Responses to Requests for Production (Ex. D) incorrectly states that they were served on December 3, 2015; however, they were not served until December 10, 2015.

Dated:  December 14, 2015                    */s/ John V. Gorman*
                                                                    John V. Gorman (PA Bar No. 80631)
                                                                    jgorman@morganlewis.com
Amy M. Dudash (PA Bar No. 311898)
adudash@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  215.963.5000
Fax:  215.963.5001

Anita B. Polott (*pro hac vice* application forthcoming)
apolott@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington, DC  20004-2541
Tel:  202.739.3000
Fax:  202.739.3001

## **CERTIFICATE OF SERVICE**

I, John V. Gorman, hereby certify that on December 14, 2015, I caused a copy of the foregoing document to be filed via the Court's CM-ECF system, which will send electronic notice to the following:

Julie D. Lathia, Esquire
The Law Offices of Julie D. Lathia
212 West Gay Street
West Chester, PA  19380

Eric Meinhardt, Esquire
Lexero Law
316 F. Street NW
Suite 101
Washington, DC  20002

*/s/ John V. Gorman*
John V. Gorman