IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC. | : |
| | : Civil Action No.: 15-cv-05219 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Honorable Mark A. Kearney |
| MORLEY TATRO | : |
| | : |
| Defendant | : |

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**

Defendant Morley Tatro ("Defendant" or "Tatro"), through undersigned counsel, hereby submits his "Opposition to Plaintiff's Motion to Enforce."

Defendant is aware of the Court's December 15 Order regarding the Motion, but Defendant did not have an opportunity to respond to Plaintiff's Motion, as allowed under Local Rule 7.1(c). Given that the Order was issued prior to Defendant's opportunity to file a response, Defendant requests that the Court reconsider the Order that was issued before full briefing pursuant to standards set forth in the Local Rules.

**I. INTRODUCTION**

Plaintiff alleges that it has adhered to the Local Rules in the filing of its "Motion to Enforce Timely and Full Compliance with Discovery Obligations." However, Plaintiff's certification, pursuant to Local Rule 26.1(f), that its counsel has "met and conferred" with Defendant's counsel is ingenuous and a bad faith representation of the actual circumstances surrounding the discovery disputes. Furthermore, even had Plaintiff's counsel properly met and conferred with Defendant's

1

counsel, the fact remains that Defendant's position is consistent with this Court's orders, and therefore the Court should deny Plaintiff's motion.

## II. ARGUMENT

Plaintiff's Motion should be denied because Plaintiff has failed to adhere with a fundamental Local Rule and because Defendant has fulfilled its current discovery obligations pursuant to this Court's orders.

### A. Plaintiff Failed to Meet and Confer

Pursuant to Local Rule 26.1(f), "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." "Courts have held that 'this Rule is not merely a formalistic requirement,' but was in fact 'intended to reduce the unnecessary burden on the Court' and opposing counsel." *Clymer v. AG Office,* 1999 U.S. Dist. LEXIS 5895 (E.D. Pa. Apr. 21, 1999) (citing *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105, 106-07 (E.D. Pa. 1984)). Moreover, the Rule "imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court." *Evans v. Am. Honda Motors Co.*, 2003 U.S. Dist. LEXIS 22189 (E.D. Pa. Nov. 26, 2003) (quoting *DiSantis v. Koolvent Aluminum Prods.*, 1998 U.S. Dist. LEXIS 12480 (E.D. Pa. Aug. 12, 1998)). "A court may dismiss a motion for failure to comply with Rule 26.1(f)." *Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc.*, 1999 U.S. Dist. LEXIS 20105[1] (E.D. Pa. Dec. 21, 1999) (citing *DiSantis*, 1998 U.S. Dist. LEXIS 12480).[2]

Plaintiff's Local Rule 26.1(f) certificate is in bad faith, at best, if not an outright

---

1  Opinion by United States Magistrate Judge Thomas J. Rueter
2  A court may also choose to address the merits of the motion. *See Get-A-Grip*, 1999 U.S. Dist. LEXIS 20105.

misrepresentation. Plaintiff itself admits that the non-jurisdictional discovery responses were served on December 10, yet Plaintiff attempts to use a phone conference a full week before the service of the documents as a Local Rule 26.1(f) certification. Plaintiff's counsel made absolutely NO effort to meet and confer after service of the discovery responses. To suggest otherwise is a complete misrepresentation and an attempt to circumscribe the rule. Furthermore, a faux meet and confer seven days before responses were served, as well as no subsequent effort to discuss the issues again, is hardly the "reasonable effort" that this Court requires, and is therefore in contradiction of the Local Rules.

### B. Defendant's Position is Consistent with this Court's Orders

On November 5, 2015, this Court issued a Scheduling Order. Under the heading "Pending Motion to Dismiss (ECF Doc. No. 9)," the Court plainly stated that "Plaintiff shall issue written discovery requests *relating solely to jurisdiction and venue* necessary to answer Defendant's pending motion to dismiss." *See* Docket #13 at 1 (emphasis added). This Order was issued well after the date of Plaintiff's initial non-jurisdictional discovery requests which were served on Defendant on October 28, 2015. Plaintiff is effectively arguing that the prior service of its "general" discovery should serve to vacate the clear Order that written discovery should relate "solely" to jurisdiction issues. By this logic, the Court's Order would have no effect at all, because discovery would not be limited at all, as the Court intended. Defendant's position is that, if the Court had no intention of limiting discovery, it would not have included language that was clearly intended to be limiting ("relating solely to jurisdiction.")

Defendant's position, based on a "plain reading" of the Court's Order of November 5, 2015, is that Defendant's discovery obligations are related "*solely to jurisdiction and venue.*" *Id.* at 1

3

(emphasis added). Indeed, Defendant, previously pro se, did fully respond to the jurisdictional inquiries shortly after retaining counsel.

Later, the same Court Order explained that "All fact and expert discovery shall be served, noticed and completed by February 5, 2016." *Id.* at 2. In a footnote, the Court allowed the parties to extend discovery deadlines as necessary, without Court intervention. Defendant has never objected to any request for an extension of discovery. Indeed, Plaintiff has never made any such request of Defendant.

Moreover, Defendant has not failed to meet the February 5, 2016 deadline for discovery that the court has proscribed. As a formality, Defendant did provide a response to the Plaintiff's non-jurisdictional requests, but did so in a manner consistent with the Court's Order, and with reference to materials that had already been provided pursuant to the jurisdictional discovery requests, as the Court required. Defendant did not act unilaterally, as Plaintiff wrongly suggests, in providing responses to the discovery requests, but instead was acting in full accordance with the Court's Order.

### III. CONCLUSION

Plaintiff is prematurely raising discovery disputes that do not exist. Defendant has fully complied with the Court's Order. Even if there were disputes to raise, Plaintiff's counsel's imaginary meet and confer meeting would fall well short of the requirements of the local rules.

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's "Motion to Enforce Timely and Full Compliance with Discovery Obligations."

Respectfully submitted,

/s/Eric J. Menhart*
Eric Menhart, Esq.
Lexero Law
316 F St. NE, Suite 101
Washington, DC 20002
Phone: 855-4-LEXERO (855-453-9376) Ext. 101
Fax: 855-4-LEXERO (855-453-9376)

/s/Julie D. Lathia
Julie D. Lathia, Esq.
The Law Offices of Julie D. Lathia, Esq.
212 West Gay Street
West Chester, PA 19380
jlathia@gmail.com
Phone: 717-940-4881

* Admitted *Pro Hac Vice*

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing and all parties of record were served by that system.

/s/Eric J. Menhart
Eric J. Menhart