IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAW SCHOOL ADMISSION COUNCIL, INC. | : | Civil Action No.: 15-cv-05219 |
| Plaintiff, | : | |
| v. | : | |
| | : | Honorable Mark A. Kearney |
| MORLEY TATRO | : | |
| Defendant | : | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Morley Tatro ("Defendant" or "Tatro"), through undersigned counsel, hereby submits his "Reply in Support of Defendant's Motion to Dismiss." Defendant respectfully maintains his request to this Court to dismiss the claims against him, based on the Court's lack of personal jurisdiction. In the alternative, the present action should be suspended or dismissed based on a pending action that involves the same parties and the same claims.[1]

## I. INTRODUCTION

In its Opposition to Defendant's Motion to Dismiss, Plaintiff alleges that the first-filed rule, which, if followed here, would require this Court to dismiss the case in deference to the District Court for the Central District of California, does not apply here. Plaintiff, however, is incorrect in all of its assertions regarding the application of the rule to this case. First, Defendant's filing of the

---

[1] While this issue was not raised in the initial Motion to Dismiss, Defendant is complying with the Court's November 5 Order, requiring that "The parties' briefing shall address this Court's venue analysis and the status of the prior pending action filed by Defendant against Plaintiff in the United States District Court for the Central District of California, including whether this Court should dismiss in favor of the prior pending action." *See* Docket #13 at 2.

1

California Action was not anticipatory, but instead occurred in order for Defendant to receive a clear judicial ruling on his rights and obligations under the agreement at issue. Second, the potential outcome of the California Action is not relevant to the determination of whether the first-filed rule applies to the Pennsylvania Action. Even if it was, however, Plaintiff is incorrect in its allegation that the California Court expressed a belief that Defendant's claims were meritless. Finally, the Eastern District of Pennsylvania has continued to express the belief that issues in two cases need not be identical in order for the first-filed rule to apply; instead, the similarity of the subject matter is the relevant inquiry. Here, both cases involve the rights and obligations under the Licensing Agreement, and therefore the subject matter significantly overlaps. Therefore, this case should properly be dismissed in favor of resolution of the issues by the United States District Court for the Central District of California, where Defendant first filed.

## II. ARGUMENT

This Court should dismiss the case based on the first-filed rule for many reasons. As an initial matter, the fact that Defendant's California Action is for declaratory judgment does not preclude the Court's dismissal based on the first-filed rule. "Even where the first-filed action is one for a declaratory judgment…the first-filed rule applies." *Zelenkofske Axelrod Consulting L.L.C. v. Stevenson*, 1999 U.S. Dist. LEXIS 12137 (E.D. Pa. Aug. 5, 1999); *see also Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 401 (E.D. Pa. 2005) (quoting *Pep Boys-Manny, Moe & Jack v. American Waste Oil Servs. Corp.*, 1997 U.S. Dist. LEXIS 9089 (E.D. Pa. 1997) ("…the first-filed rule has 'routinely been applied to cases where the first-filed case is an action for declaratory judgment.'").

### A. Defendant's California Action Filing Was Not Anticipatory

Plaintiff incorrectly concludes that Defendant's California Action was an "anticipatory filing." Contrary to Plaintiff's suppositions, Defendant did not file the California Action in order to succeed in a "race to the courthouse."

In its Opposition, Plaintiff cites paragraphs from Defendant's Original Complaint in the California action for the proposition that Tatro was acting in bad faith by filing the California action. However, it is unclear how the cited pleadings demonstrate that Defendant is acting in bad faith. Defendant makes no admissions regarding the filing of the lawsuit; instead, the paragraphs simply demonstrate that Defendant was aware that the conflict would not soon be resolved, and wanted a declaration of his rights and obligations.[2] Such an action is perfectly reasonable and ordinary. In fact, "[T]he purpose of the Declaratory Judgment Act is to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.,* 416 F. Supp. 2d 1048, 1052 (E.D. Pa. 2006) (quoting *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 463 (E.D. Pa. 1999). Plaintiff had every opportunity to file its suit promptly. It did not. "Sour grapes" as to Defendant Morley's perfectly lawful action is not reason to ignore long-standing case law that dictates that the present action be suspended or dismissed.

Furthermore, though Plaintiff, in its Opposition, mentions settlement negotiations between the parties, it does not mention any deadlines raised in settlement negotiations, or any definitive

---

[2] Especially confusing and misguided is Plaintiff's reference to ¶ 19 of the Original Complaint, which it cites in an attempt to support its allegations regarding Defendant's motives in filing the California Action. This paragraph states, in relevant part, "LSAC has breached its duty of good faith and fair dealing under the Contract by, *inter alia*, attempting to frustrate TATRO's ability to receive benefits under the Contract to which he is entitled by 1) stating its intention to sue Plaintiff in Pennsylvania on matters released by the Contract." This paragraph in no way implies that Defendant was attempting to engage in "anticipatory filing." Instead, the reference to the possible Pennsylvania litigation occurs in order to demonstrate Plaintiff's breach of its duty to Defendant.

3

statements by Plaintiff to Defendant that litigation was imminent, or that a complaint had been prepared. This matter is akin to *Ims Health v. Vality Tech*, where the Court found that bad faith and forum shopping were not the sole motivations behind the first-filing party's actions when litigation was "in the air." In that matter, litigation did not appear imminent, the first-filing party was not aware of any forthcoming complaint by the opposing party and the first-filing party was headquartered in the district in which it filed. The facts in the present matter are nearly identical. This Court should similarly find that there was no bad faith or forum shopping because litigation only appeared to be "in the air," Defendant filed the California Action seeking declaration of rights, completely independent of any other action, and Defendant filed suit in the state in which he resides. 59 F. Supp. 2d 454, 464 (E.D. Pa. 1999).

### B. Merits of California Action Not Relevant

Plaintiff has supplied no law indicating that its belief that Defendant's claims in its Amended Complaint (Exhibit #1) will be unsuccessful should cause the Court to disregard the fact that Plaintiff filed its case in California prior to Plaintiff's filing in Pennsylvania. Moreover, Plaintiff's allegations regarding the merits of Defendant's claims are baseless and incorrect. Plaintiff alleges that the California Court, in its November 19, 2015 minutes, "cast serious doubt on the viability of any such claim," specifically referring to the Court's statement that its allowing Defendant to file an amended claim was no "guarantee of success." Opposition at p. 19. However, Plaintiff fails to take into account the Court's statement in the very same paragraph: "What is certain at this stage is that Plaintiff could potentially plead a set of facts stating a valid claim for breach of the Licensing Agreement." Dkt. #24-15 at p. 8. Therefore, even if merits of the California Action were relevant to the consideration of application of the first-filed rule to the Pennsylvania Action, it is not clear how

4

the California court will rule on the substantive claims.

Moreover, Plaintiff's proposed procedure, namely, asking a second court to review the merits of an action already before the "first filed" court, is perhaps the definition of inefficiency. An already busy federal judiciary would be tasked with undertaking the exact work that is already being performed by other competent federal jurists.

The Federal Rules explain that procedures should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1. Indeed, recent amendments have emphasized that the court and parties should take reasonable steps to employ cost-saving mechanisms when possible. In a recent comment to Rule 1 it is noted that the Rule was amended to "emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." *Id.* (Committee Notes on Rules—2015 Amendment). There is little doubt that the California court, which has already reviewed and ruled upon matters between the parties, is the venue where this matter can be most efficiently handled and avoid duplicity of judicial resources.

### C. Non-Identical Issues Do Not Preclude Application of First-Filed Rule

The fact that the California Action and the present Pennsylvania Action do not contain "identical" issues does not preclude the Court from determining that this case should be dismissed in favor of resolution by the California court. Though Plaintiff cites the Third Circuit proposition that the cases must be identical in order for the "first-filed rule" to apply, this Court has stated that "…we do not believe that the Third Circuit has held that the first-filed rule requires the two cases to be

5

duplicative or identical." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 456 (E.D. Pa. 2013).[3] Additionally, cases in the Eastern District of Pennsylvania post-*Grider* have found that the first-filed rule can apply even when issues in the two cases are not identical. *See Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, 2009 U.S. Dist. LEXIS 54198 (E.D. Pa. June 26, 2009) ("The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one."); *see also Colony Nat. Ins. Co. v. UHS Children Serv., Inc.*, 2009 U.S. Dist. LEXIS 86528 (ED. Pa. Sept. 11, 2008) (additional issue did not "create such a divergence in subject matter to negate the application of the first-filed rule since substance involved interpretation of the terms of [policy at issue]"). Instead, "the critical substantive inquiry of the first-filed rule analysis is subject matter." *Synthes*, 978 F. Supp. 2d at 457 (citing *Villari*, 2009 U.S. Dist. LEXIS 54198).

Here, the subject matter of the two cases is sufficiently similar to render the first-filed rule applicable. Both cases involve interpretation of the licensing agreement between the parties, as well as the rights and obligations of the parties under the agreement. For example, ¶ 14 of the Amended California Complaint states, "An actual controversy has arisen and now exists between Tatro and Defendant[4] concerning their respective rights, duties and obligations pursuant to the Licensing Agreement, and ¶ 22 of the Pennsylvania Action says, "Cambridge LSAT's past and current use, reproduction, distribution, public display and/or creation of derivative works of LSAT Materials was

---

[3] The Court makes this determination based on the fact that the statement that the two cases must be duplicative for the first-filed rule to apply appears in a footnote, making it dictum and therefore not binding on lower courts. The Third Circuit case, *Grider v. Keystone Health Plan Ctr., Inc.*, is the one cited by Plaintiff in support of its proposition. Additionally, the District Court case Plaintiff cites that references *Grider* is from the District of New Jersey, not the Eastern District of Pennsylvania, as *Synthes, Inc.* is.

[4] Plaintiff in this action.

6

not and is not licensed or otherwise authorized by LSAC." While stated differently by the litigants, it is quite clear that both actions involve a dispute between the parties regarding the licensing of certain materials. Therefore, the first-filed rule should apply.

Finally, the outcome of the California Action will have a direct and substantial effect on the present litigation. Accordingly, the present litigation should be dismissed in accordance with the first-filed rule.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| /s/Eric J. Menhart* | /s/Julie D. Lathia |
| Eric Menhart, Esq. | Julie D. Lathia, Esq. |
| Lexero Law | The Law Offices of Julie D. Lathia, Esq. |
| 316 F St. NE, Suite 101 | 212 West Gay Street |
| Washington, DC 20002 | West Chester, PA 19380 |
| Phone: 855-453-9376 Ext. 101 | jlathia@gmail.com |
| Fax: 855-453-9376 | Phone: 717-940-4881 |

* Admitted *Pro Hac Vice*

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a copy of the foregoing was served via electronic case filing and all parties of record were served by that system.

/s/Eric J. Menhart
Eric J. Menhart